CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JAN 19 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| SHAMICA POINDEXTER, ) | |
| Petitioner, ) | Civil Action No. 7:06-cv-00028 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | By: Hon. Norman K. Moon |
| Respondent. ) | United States District Judge |

Petitioner Shamica Poindexter, a federal inmate proceeding pro se, submitted this pleading styled as a "motion to correct illegal sentence pursuant to 18 U.S.C. § 3742(a), Rule 52(b), and 28 U.S.C. § 244(a)(2)(A)." Upon review of Poindexter's asserted grounds for relief in this motion, the court finds that the motion should be construed as motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255 and dismissed as successive.

Poindexter was convicted in November 2002 of conspiracy to distribute and distribution of crack cocaine. The court sentenced her in January 2003 to 155 months imprisonment, and Poindexter appealed. In November 2003, the United States Court of Appeals for the Fourth Circuit affirmed the conviction and sentence. Poindexter then filed a § 2255 motion, Civil Action No. 7:05-cv-00423, which this court dismissed in December 2005 as untimely filed.[1]

Poindexter claims that she is entitled to be resentenced based on the United States Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005) and related precedent. She first seeks to bring this claim under 18 U.S.C. § 3742(a). This section provides that a convicted federal defendant may commence an appeal of his/her conviction by filing a notice of appeal in the district court. The section does not, however, authorize this court to address an appeal of the conviction or sentence it entered; the appeal must be to the United States Court of Appeals for the Fourth Circuit. See § 3742(d). Moreover, Poindexter already pursued an appeal from her conviction and sentence,

---

[1] Poindexter has not appealed this court's judgment in Civil Action No. 7:05-cv-00423, although her time to appeal has not yet expired. See Fed. R. App. P. 4(a)(1)(B) (when United States is party to civil action, notice of appeal must be filed within 60 days of judgment). The court will not construe Poindexter's current motion as a notice of appeal in that case, however, because the motion concerns completely different claims.

1

and § 2742 does not authorize more than one appeal. Poindexter's other stated authority also fails to provide her an avenue for the relief she seeks. Rule 52(b) of the Federal Rules of Criminal Procedure authorizes the district court to amend its findings of fact and its judgment within ten days after entry of the initial judgment. Since the court entered final judgment against Poindexter in 2003, any motion under Rule 52(b) is untimely filed. The remaining statute that Poindexter cites, 28 U.S.C. § 244(a)(2)(A), does not exist in the United States Code.

Because Poindexter challenges the validity of her criminal sentence, the court construes her motion as her second motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. §2255. Paragraph 8 of § 2255 prohibits this court from considering a second or successive §2255 motion unless the petitioner produces specific certification from the United States Court of Appeals for the Fourth Circuit. As Poindexter fails to present certification from the court of appeals allowing her to file a successive § 2255 motion, the court will summarily dismiss her current § 2255 motion as successive. An appropriate order shall be issued this Poindexter.

In any event, Poindexter's current § 2255 motion is untimely filed and does not state any ground upon which she is entitled to relief. The United States Court of Appeals for the Fourth Circuit has held that <u>Booker</u> does not apply retroactively to cases on collateral review, that is, to any conviction or sentence that became final on direct review before the <u>Booker</u> opinion issued. <u>United States v. Morris</u>, 429 F.3d 65 (4th Cir. 2005). <u>See also</u> <u>United States v. Cruz</u>, 423 F.3d 1119 (9th Cir. 2005) (citing other cases holding <u>Booker</u> not to be retroactive). Poindexter's case became final on or about February 18, 2004, when her opportunity to file a petition for a writ of certiorari expired. <u>United States v. Clay</u>, 537 U.S. 522, 525 (2003). Since Poindexter's conviction became final prior to the decision in <u>Booker</u>, <u>Booker</u> does not apply retroactively to her § 2255 motion for collateral review or provide a basis on which to find her § 2255 motion timely under § 2255 para. (3). As she did not file the motion within one year of the date on which her conviction became final, Poindexter's § 2255 motion is clearly late under § 2255 para. 6(1).[2]

---

[2]Poindexter signed and dated her motion on January 10, 2006.

The petitioner is advised that she may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the circuit court of appeals or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the Circuit Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

ENTER: This _19th day_ of January, 2006.

_/s/ Norman K. Moon_
United States District Judge